UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

L.T AND M.T. by their parent Jeffrey N. Thomas, JEFFREY N. THOMAS as parent of L.T and M.T.; T.L., B.L., R.L., A.L. by their parent Karen LeClair; KAREN LECLAIR as parent of T.L., B.L., R.L., A.L.; J.S. by his parent Danielle Schipano; DANIELLE SCHIPANO as parent of J.S.; B.P by his parent Andrea Penamora, ANDREA PENAMORA as parent of B.P.; E.W. by her parent Joseph Whitehead; and JOSEPH WHITEHEAD as parent of E.W.

Plaintiffs,

vs.

HOWARD A. ZUCKER, in his official capacity and in his individual capacity,

Defendant.

**Civil Action No.:  1:21-cv-1034 (LEK/DJS)**

---

# PLAINTIFFS' <u>REPLY</u> MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

Thomas Marcelle, Esq. (Bar Roll No. 102117)
Email: tjmarcelle88@gmail.com

John E. Sweeney, Esq. (Bar Roll No. 520512)
Email: john@johnsweeney.org

Adam Giangreco, Esq. (Bar Roll No. 517518)
Email:adamgiangreco@protonmail.com

## INTRODUCTION

The students provided detailed expert testimony about how children are harmed by forcing them to wear masks all day every day in school. These experts are highly qualified and credentialed. They were trained and teach at the best universities in the nation. In response, Zucker offers the declaration of Johanne E. Morne. Morne is not an immunologist. Morne is not an epidemiologist; she is not even a medical doctor. She has a master's degree in education and counseling. Morne is not an expert; she is a bureaucrat. Her declaration consists almost entirely of referencing documents that can be obtained by surfing the web.

Defendant has a problem—Morne offers the Court nothing. Morne never explains to the Court how or why the students' experts are wrong. She does not challenge their expertise. She does not challenge their expert scientific conclusions about children, masks, and Covid-19. Indeed, she never addresses or references plaintiffs' experts' testimony at all. Instead, Morne blizzarded the Court with lots of material. But of course, she herself is incompetent to vouch for the scientific accuracies of the materials that she downloaded and submitted. Thus, Morne failed to provide the Court any legally competent response to plaintiffs' experts.

Assuredly, Zucker has experts in his employ at the Department of Health. Interestingly, he chose not to present them to the Court. Perhaps Zucker's response to the students' motion is a tacit admission that he cannot sustain his burden to justify his mask mandate for school children. Zucker has acknowledged that "a masking requirement, while helpful to reduce transmission [would] not prevent transmission." *Dr. A. v. Hochul*, 21-cv-1009 (DNH); Zucker's memorandum of law, Dkt # 16-50 filed Sept. 22, 2021 at p. 19 (*bracket in the original*).

Instead of actual evidence, Morne offers the Court what is in essence rational speculation. That would be fine if this were a case involving a rational basis standard of review—but this is an

intermediate scrutiny case. Rational basis review is meaningfully different from the intermediate-scrutiny standard. While rational basis review allows the government to justify a law with "rational speculation unsupported by evidence or empirical data," *FCC v. Beach Communications, Inc.,* 508 U.S. 307, 315 (1993), intermediate scrutiny requires the government to "demonstrate that the harms it recites are real" beyond "mere speculation or conjecture," *Edenfield v. Fane,* 507 U.S. 761, 770–771 (1993).

The purpose of an adversarial process is to present conflicting evidence (if it exists) so that the judge can weigh it and reach a determination of the facts. However, at this point, the Court has not been offered any validation of the material accumulated by Morne and she offers no refutation of the students' experts' testimony. Thus, all the Court has for a factual basis for deciding the temporary restraining order is plaintiffs' experts' declarations.

## FACTS

Students have submitted reply declarations of their experts in response to Morne's documents (see Bhattacharya reply declaration, Petty reply declaration, Stock reply declaration, Kardaras reply declaration).

## ARGUMENT

### I. The students have suffered a constitutional injury, which constitutes an irreparable harm; therefore, the students are entitled to a preliminary injunction.

Zucker concedes that if the students have suffered a First Amendment injury, they have suffered an irreparable injury. However, Zucker claims that forcing children to wear a mask while participating in and receiving instruction does not implicate the First Amendment. To support his position, Zucker cites a number of cases dealing with mask mandates. These cases do not represent binding authority upon this Court. More importantly, they are distinguishable both legally and factually and thus, their logic and reasoning are neither relevant nor persuasive.

**II. The mask mandate implicates the students' First Amendment rights.**

First, Zucker relies heavily on *Denis v Ige*, 2021 WL 1911884 (D Haw 2021) in his quixotic effort to argue that Zucker's mask mandate, which applies only to the school setting and which suppresses facial expressions and causes speakers to alter their vocal modulations, does not implicate the First amendment. In *Denis*, a *pro se* plaintiff, sued the government over a mask mandate. The court rejected his First Amendment claim because plaintiff "has not alleged that the Mandates placed even an incidental burden on his ability to speak." *Id*. at *11. In contrast to *Denis*, here, the students have alleged that masks both interfere with their speaking and receiving communications from others. The students support this contention by expert testimony.[1]

Defendant disputes *none* of this expert testimony. This case is not *Denis*. Consequently, the students are likely to establish that being able to see facial expression and perceive proper tone and volume of speech is not a mere luxury, it is a necessity for proper and uninhibited communication. Therefore, the unrefuted evidence shows that Zucker's mask mandate abridges the students' speech and their right to receive speech.[2] *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972).

Next, defendant cites four cases all involving the claim that wearing or not wearing a mask was expressive conduct—*Minnesota Voters All. v. Walz*, 492 F. Supp. 3d 822, 837 (D Minn 2020); *Stewart v. Just.*, 502 F. Supp. 3d 1057, 1066 (SD WVa 2020*); Antietam Battlefield KOA v. Hogan*,

---

[1] Plaintiffs' expert speech pathologist and psychologist confirm that facial expressions made while speaking are inexorably linked to the content and meaning of speech and its message (Kardaras Declaration at ¶ 18; Capriola Declaration at ¶ 11). Masks, these experts conclude, interfere with, inhibit, alter and distort the ability of speakers to properly communicate their message and listeners to properly perceive the message of the speaker (Capriola Declaration at ¶¶ 3, 12, 21; Kardaras Declaration at ¶¶ 19-21). Moreover, masks obscure the mouth and thereby force the wearer to speak louder and slower to be understood (Capriola Declaration at ¶ 19; Kardaras Declaration at ¶ 20). The tone, velocity and volume of speech are inexorably linked to the meaning of the message (Kardaras Declaration at ¶¶ 11, 20; Capriola Declaration at ¶ 11). Again, masks, interfere, inhibit, alter, and distort the ability of the speaker to properly communicate and listeners to properly perceive and thus receive the message of the speaker (Capriola Declaration at ¶¶ 3, 12, 21; Kardaras Declaration at ¶¶ 19-21).

[2] Additionally, the *Denis* case lacks any of the indicia to make it persuasive. The court lacked the benefit of lawyers or experts to assist, argue and inform the court.

461 F. Supp. 3d 214, 237 (D Md 2020); and *Zinman (pro se) v. Nova Se. Univ., Inc.*, 2021 WL 4025722 at *13 (SD Fla. 2021).  The four courts rejected this type of expressive conduct claim as implicating the First Amendment.  Plaintiffs are not raising an argument that wearing or not wearing a mask is speech.  This involves children in a classroom setting and the direct communication that accompanies teaching and learning. Thus, these cases have no bearing on the issue at hand.  Given that the students' experts' testimony stands without opposition, the students are likely to show that the mask mandate implicates their First Amendment rights.  Therefore, Zucker's mask mandate must survive intermediate scrutiny to be constitutional.

### III. The appropriate standard by which to evaluate the constitutionality of a content-neutral regulation that imposes an indirect burden on expressive conduct is the intermediate level of scrutiny.

The parties agree that the appropriate standard by which to evaluate the constitutionality of a content-neutral regulation that imposes an indirect burden on expressive conduct is the intermediate level of scrutiny.  *See, e.g., Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 664–65 (1994).  Thus, the parties agree that the mandate's constitutionality boils down to a two-fold inquiry: (1) does Zucker's mandate further an important governmental interest and (2) is the mandate's burden on First Amendment freedoms no greater than what is essential to further the government's important or substantial interest.

### IV. Intermediate scrutiny applied to Zucker's mask mandate.

When the Government defends a regulation "as a means to redress … prevent anticipated harms, it must do more than simply posit the existence of the disease sought to be cured." *Turner*, 512 U.S. at 664.  In particular Zucker "must demonstrate that the recited harms are real, not merely conjectural … ." *Id.* at 664 (citations omitted). Zucker offers the Court no expert testimony to refute the students' experts. His defense of the mask mandate is "premised on a *conceivable*

4

scientific basis that is rationally related to mitigating the further spread of the COVID-19 virus." *Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705, 716 (SDNY 2021) (emphasis added). Zucker's response misses the mark. "The whole point of [heighten] scrutiny is to test the government's assertions." *S. Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716, 718 (2021). This case is about scientific facts not conceivable facts.

In the fight against Covid, things have changed and are changing for the better.[3] Covid-19 is not an existential threat. Zucker seems reluctant to accept this reality and the corresponding reduction is his unilateral and bureaucratic power. At this point, Zucker has offered the Court no competent evidence. Zucker cannot be surprised then that the Court would grant the students at least temporary relief until and unless Zucker comes forth with some real evidence.

### A. Zucker has not proven his mandate furthers an important or substantial governmental interest.

• **First**, Zucker himself has not made any particularized finding of the harm posed by Covid-19 in the primary and secondary school setting. He makes much of the fact that people are contracting the delta variant. Significantly, Zucker does not talk in absolute numbers or make comparisons to the infection rates when Covid was a true emergency—but it is important to do so. The number of people being infected by the delta variant is nowhere near the level of the number of people who were infected by the alpha variant. On January 12, 2021, the 7-day average of Covid alpha variant infections was 16,355. Currently, as of October 1, 2021, the 7-day average of Covid delta variant infections is 3,943. In other words, the infection rate in January was more than 3 times greater than now. See https://usafacts.org/visualizations/coronavirus-covid-19-spread-

---

[3] Moreover, the Supreme Court has recently characterized the government's interest in stopping the spread of the delta variant, as strong rather than compelling. *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 2021 WL 3783142, at *4 (2021). Moreover, this downgrade of the government's interest was done without expert testimony contesting the government's position.

map/state/new-york.  More importantly, the deaths due to Covid are nowhere close to emergency levels. In April, the 7-day average of daily deaths was 946. As of October 1, that same average is 42. In other words, the death rate in April 2020 was more than 22 times higher than today.  Id.  Covid was a true emergency; it is no longer (see also Bhattacharya Reply at ¶¶ 13-14).

According to the CDC, 378 school age children from March 1, 2020 thru September 25, 2021 (1.58 years) died from Covid or about 239 deaths per year  https://data.cdc.gov/NCHS/Provisional-COVID-19-Deaths-Focus-on-Ages-0-18-Yea/nr4s-juj3.  Interesting fact, in 2018, 274 children died from respiratory infection.  https://www.advisory.com/daily-briefing/2018/12/21/child-death. Respiratory infections are an insignificant cause of death for children. Nearly, 4,000 die in motor vehicle accidents; 3,000 were killed by guns, 1,500 suffocated and 1,000 drowned. When it comes to the death of children, Covid is insignificant. Moreover, the students' expert establishes that children are unlikely to suffer serious side effects from the delta variant (Bhattacharva Reply at ¶ 8-¶14). In sum, the medical and epidemiological literature has documented conclusively that children face a vanishingly small risk of mortality from Covid-19 infection relative to other risks that children routinely face (Bhattacharva Declaration at ¶¶ 16-32).

Not only does Zucker's school mask mandate need to be related to a substantial interest, but it must also actually advance that interest.  Masks do not stop the spread of Covid (Bhattacharva Reply at ¶ 5-¶7; Steve Petty Reply at ¶ 3-¶ 18).  Even Zucker has acknowledged that "a masking requirement, … [does] not prevent transmission [of Covid19]."[4]  To buttress his faltering claim, Zucker says a student mask mandate is universally accepted as a way to stop the spread of Covid— not so much.[5] Zucker's unilateral mask mandate is a minority position.  The vast majority of states

---

[4] *Dr. A. v. Hochul*, 21-cv-1009 (DNH); Zucker's memorandum of law, Dkt # 16-50 filed Sept. 22, 2021 at p. 19
[5] Zucker makes much of the CDC suggestion that schools impose a mask mandate for students.  However, this recommendation may not have been based strictly on physical sciences but upon the prevailing winds of political science (https://nypost.com/2021/05/01/teachers-union-collaborated-with-cdc-on-school-reopening-emails/ ).

thirty-nine (39) do not mandate masks in school.  The other minority states (CA, DE, HI, IL, NJ, OR, RI, VA, VT and WA) all seem to have implemented a school mask mandate by a democratically elected branch of government. A mask mandate for children without a declaration of emergency by the governor or the legislature, like Zucker's, is far from "universally accepted;" Zucker appears to be a minority of one.

What works to stop Covid are vaccines. New York is a highly vaccinated state. 92% of the population between the ages of 65-74 has received at least one dose of the vaccine; 86% of the population between the ages of older than 75 has received at least one dose of the vaccine; and 87% of people between the ages of 55-64 has received at least one dose of the vaccine. https://usafacts.org/visualizations/covid-vaccine-tracker-states/state/new-york.  Zucker may not merely combine the words *Covid* and masks and expect the Court to think that satisfies the elevated burden of the First Amendment—he needs proof and he did not produce any.

• **Second**, Zucker did not argue against the fair and reasonable inference and one that the Court should adopt is this: If masks were effective at stopping the transmission of the Covid-19 virus, the Governor would, to the extent allowed by law, impose mask mandates–the Governor has not.

• **Third**, underinclusiveness of masking requirement subverts defendant's ability to claim that it represents an important interest *or* further an important interest.  Under Zucker's regulations, the same students with other students and/or teachers can sit side by side at a private seminar, sing side by side at a church, play video games together, cheer together at a small college basketball game and even play basketball together at a private gym without being subjected to Zucker's mask mandate. He does not bother to explain away these incongruities.

Defendant acknowledges his school mask mandate is underinclusive.  He believes underinclusiveness to be a constitutional virtue, rather than what it is, a fatal constitutional flaw. "While surprising at first glance, the notion that a regulation of speech may be impermissibly *underinclusive* is firmly grounded in basic First Amendment principles." *City of Ladue v. Gilleo*, 512 U.S. 43, 51 (1994) (emphasis in the original).  In other words, the reasons a statute is underinclusive has to do with undetectable motives that have nothing to do with furthering the suggested governmental interest (see e.g., note 5 supra). So while Zucker trumpets the fact that his mandate is "woefully underinclusive," it is yet another implicit admission that masks do not prevent the spread of Covid.

Therefore, based upon the foregoing reasons, the students are likely to show that Zucker's mask mandate does not further an important governmental interest.  Without such an interest, the mask mandate violates the students' First Amendment rights. Consequently, the students ask the Court to issue a temporary restraining order enjoining the implementation of the mask mandate until the Court can hear the parties concerning the issuance of a preliminary injunction.

    **B.   Zucker has not proven that his mandate does not burden speech any more than is essential to further the claimed governmental interest.**

If the Court determines that Zucker's mask mandate furthers a sufficiently important interest (which it should not), Zucker still needs to prove to the Court that his mandate does not burden speech any more than is essential to the furtherance of that interest. *O'Brien*, 391 U.S.  at 377.

Zucker's mask mandate that uniquely targets students in school is not narrowly tailored to stop the spread of Covid.  First, there is no reason to uniquely target children and to interfere with their ability to communicate and receive communication. Scientific facts establish that children are inefficient transmitters of Covid-19 (Bhattacharya Declaration at ¶¶ 30-45).  Zucker did not contest

this fact with expert testimony. Given this fact, it is hard to see why students are treated differently than adults assembling for a private business meeting.

There is another problem Zucker has; as discussed previously, masks are ineffective to the transmission of Covid-19.[6] The various articles and documents that Morne cites do not support the proposition that masks are effective against the transmission of Covid-19. The documents are either policy documents that provide no scientific basis for its conclusions; are documents that draw conclusions based on flawed analyses; or are documents and studies that refute the basic conclusions defendant is trying to make (Petty Reply at ¶ 17).

More to the point, Zucker will be unlikely to prove that masks are effective at preventing the transmission of Covid-19 <u>as compared to</u> the other ways to stop the spread of Covid provided by the students' expert Steve Petty (see Petty Declaration at ¶ 36). Zucker never addressed Petty's detailed alternatives, which are better than masks and that do not interfere with the exchange of ideas between teacher and student.

Therefore, based upon the foregoing reasons, the students are likely to show that Zucker will be unlikely to prove that the mask mandate for primary and secondary students only during the school day is essential to stopping the spread of Covid-19. Without such proof, the mask mandate violates the students' First Amendment rights. Consequently, the students ask the Court to issue a temporary restraining order enjoining the implementation of the mask mandate until the Court can hear the parties concerning the issuance of a preliminary injunction.

---

[6] Defendant cites to a case where a po se plaintiff simply made "conclusory allegations and vague references to scientific studies unrelated to COVID-19," to challenge the efficacy of masks as a means of preventing the spread of COVID-19. <u>Zinman,</u> 2021 WL 4025722, at *14. Without expert testimony the case is not persuasive authority.

### V. Since the plaintiffs are likely to succeed on the merits of their claim, the Court need not weigh the balance of the hardships.

As detailed in the Complaint and expert declarations accompanying the Order to Show Cause, masks hurt plaintiff students' ability to learn (see Kardaras Declaration at ¶¶ 22-23; Capriola Declaration; Stock Reply at ¶ 7). Indeed, rather than protecting students, the masks are harming them—all day, everyday mask wearing is harming the students' ability to learn in school; harming the students' mental health; and harming the children's physical health. (see Cmplt at ¶¶ 9-30; Kardaras Declaration at ¶¶ 8, 9, 25; Capriola Declaration; Stock Declaration; Stock Reply at ¶ 7). DOH chose not to refute any of this and therefore the unrebutted expert declarations should be accepted by the Court. Therefore, the balance of the hardships tilt greatly in favor of the plaintiffs.

### VI. The Court should order Zucker to disclose the information upon which he considered and relied on to issue the mask mandate.

The standard in this Court of discovery at the preliminary injunction stage is set forth by *Briggs & Stratton Corp. v. Chongquing Rato Power Co.*, 2013 WL 12134085, at *1 (NDNY 2013). Given the limitations on space, plaintiffs rely on their previous arguments.

### Conclusion

The lower half of the face is critical for the conveyance of both non-verbal and verbal communication. A government mandate (by a single unelected bureaucrat no less) that requires the lower half of the face to be obscured and obstructed by a mask, necessarily implicates the free speech clause of the First Amendment. For Zucker's school mask mandate to stand, he must show that the validity of his asserted interest, that the school mask mandate further that interest, and the absence of less intrusive alternatives, and he must do so with actual proof. Zucker did not present proof that Covid-19 disproportionately or significantly harms children. Zucker did not present

proof masks operate to reduce the spread of Covid-19.  Quite the contrary, according to plaintiffs' experts (which defendant did not even attempt to refute via contrary experts), Covid-19 poses little risk to children and their adult teachers who are vaccinated, children are not vectors of transmission, and masks do virtually nothing to halt the spread of Covid-19.  The plaintiff students, therefore, plead with this Court to restrain Zucker and stay his mask mandate while this preliminary injunction is being litigated.

Dated: October 5, 2021

>*/s/ Thomas Marcelle*
>Thomas Marcelle (Bar Roll No. 102117)
>*Counsel for Plaintiffs*
>61 Devonshire Dr.
>Slingerlands, NY 12159
>P: (518) 424-9275
>Email: tjmarcelle88@gmail.com
>
>*/s/ John E. Sweeney*
>John E. Sweeney (Bar Roll No. 520512)
>*Counsel for Plaintiffs*
>1 Stratford Drive
>Clifton Park, NY 12065
>P: 518-281-3994
>Email: john@johnsweeney.org
>
>*/s/ Adam G. Giangreco*
>Adam G. Giangreco (Bar Roll No. 517518)
>*Counsel for Plaintiffs*
>2390 Western Ave.
>Guilderland, NY 12084
>P: (716) 984-7035
>Email:adamgiangreco@protonmail.com